**Michael W. JOHNSON, Petitioner-Appellant,**

v.

**WARDEN, FCC COLEMAN—USP I, Respondent-Appellee.**

No. 15-11808
Non-Argument Calendar

United States Court of Appeals, Eleventh Circuit.

(March 30, 2017)

William Mallory Kent, Law Office Of William M. Kent, Jacksonville, FL, for Petitioner-Appellant

Roberta Josephina Bodnar, U.S. Attorney's Office—FLM, Ocala, FL, Arthur Lee Bentley, III, U.S. Attorney's Office, Tampa, FL, for Respondent-Appellee

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Michael Johnson appeals the dismissal of his petition for a writ of habeas corpus. We apply our recent decision in McCarthan v. Director of Goodwill Industries-Suncoast, Inc., No. 12-14989, 851 F.3d 1076, 2017 WL 977029 (11th Cir. Mar. 14, 2017) (en banc), to his appeal. Because Johnson had an opportunity to challenge his sentence enhancement in a motion to vacate, we affirm the dismissal of his petition for a writ of habeas corpus.

Johnson is a federal prisoner sentenced in the Western District of Missouri. Johnson challenged the enhancement of his sentence under the Armed Career Criminal Act in his first motion to vacate, 28 U.S.C. § 2255. The district court denied his motion on the merits and the Eighth Circuit denied a certificate of appealability. During the course of his collateral proceedings, the Supreme Court decided Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), and Johnson was transferred to a facility in the Middle District of Florida. Johnson filed a petition for a writ of habeas corpus, 28 U.S.C. § 2241, against the warden of his prison. He argued that in the light of Begay, the motion to vacate was "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e). The district court dismissed Johnson's petition for a writ of habeas corpus because Johnson did not meet the requirements of Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1262 (11th Cir. 2013).

This Court recently overruled its precedent in Bryant and held that "a change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention.'" McCarthan, 851 F.3d at 1080

(quoting 28 U.S.C. § 2255(e)). Because Johnson had "an opportunity to challenge his sentence enhancement," and in fact did so, "his remedy was not inadequate or ineffective to test the legality of his sentence, regardless of any later change in caselaw." *Id.* We **AFFIRM** the dismissal of Johnson's petition for a writ of habeas corpus.